J. Philip Zand, Esq. Village Attorney, New Paltz
You have asked whether a village by local law may apply the provisions of section 352-eee of the General Business Law to cooperative and condominium conversions within the village.
Cooperative and condominium conversions are regulated by article 23-A of the General Business Law (see also, 13 NYCRR subch B, parts 18-24). Section 352-e requires that any offering statement or prospectus be accepted for filing by the Attorney General before an offer or sale pertaining to a cooperative or condominium can be made. Section 352-eee establishes various requirements for offering plans to convert buildings to cooperative and condominium use and also provides protection for senior citizens and disabled persons who reside in buildings subject to conversion. Subdivision 7 of section 352-eee provides, however, that the section's provisions apply only in those municipalities situated in the Counties of Nassau, Westchester and Rockland whose governing bodies elect to be covered by its provisions. Since the Village of New Paltz is located in Ulster County, it is not covered by this provision. Your question is whether a village may enact a local law to apply the provisions of section 352-eee of the General Business Law to condominium and cooperative conversions in the village.
While local governments, including villages, have extensive local law powers (Municipal Home Rule Law, § 10), in our view this grant of authority does not include the power to affect the jurisdiction of a State agency. The State Legislature has applied the provisions of section352-eee of the General Business Law only to municipalities in the Counties of Nassau, Westchester and Rockland which elect to be covered (§ 352-eee [7]). In our view, a local law enacted by a village outside of these three counties applying the provisions of section 352-eee to cooperative and condominium conversions in the village would affect the jurisdiction of a State agency and, therefore, is beyond the authority of the village. Obviously, the Legislature made a conscious determination to apply the regulations only to cooperative and condominium conversions in the three specified counties. Only the Legislature can amend section 352-eee to broaden the application of its provisions.
We conclude that a village located outside the Counties of Nassau, Westchester and Rockland is not authorized to enact a local law applying the provisions of section 352-eee of the General Business Law to cooperative and condominium conversions in the village.